IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Progressive Insurance Company,<br>as assignee of Darwin Moser,<br><br>Plaintiff,<br><br>vs.<br><br>Blue Cross Blue Shield of North Dakota;<br>and Leevers Foods, Inc.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **MEMORANDUM OPINION AND<br>ORDER ON CROSS-MOTIONS<br>FOR SUMMARY JUDGMENT**<br><br>Civil No. 3:06-cv-91 |

Before the Court are Cross-Motions for Summary Judgment filed by Plaintiff Progressive Insurance Company ("Progressive") and Defendants Blue Cross Blue Shield of North Dakota ("BCBS") and Leevers Foods, Inc. ("Leevers") (Docs. #19, #24).  The Court has carefully considered the briefs and documents filed by the parties and now issues this memorandum opinion and order.

## SUMMARY OF DECISION

The Court concludes that the benefits determination of BCBS, as the claims administrator for Leevers' self-funded welfare benefit plan, should be reviewed for an abuse of discretion.  The Court further concludes that BCBS has reasonably interpreted the coordination of benefits provision in the governing plan document.  Therefore, because BCBS has not abused its discretion, the Motion for Summary Judgment filed by BCBS and Leevers is GRANTED.  The Cross-Motion for Summary Judgment filed by Progressive is DENIED.

1

## FACTUAL BACKGROUND

The dispute in this matter revolves around the payment of medical expenses incurred by Justin Moser, the minor son of Darwin and Rhoda Moser, as a result of a tragic automobile accident. On July 14, 2003, Justin Moser was driving a vehicle in Cleveland, North Dakota, and struck head-on another vehicle which was being operated by his mother, Rhoda Moser.  Justin Moser sustained serious injuries in the accident, and Rhoda Moser was killed as a result of her injuries.

Both vehicles involved in the accident were insured under a Progressive motor vehicle insurance policy held by Darwin Moser.  Justin Moser was an additional insured under that policy, which provides for a limit of $30,000.00 in basic no-fault benefits for personal injury protection. The Progressive policy also contains the following exclusion relating to coordination of benefits for medical expenses:

> 3.  Coverage under this Part II does not apply to **medical expenses** in excess of $5,000 incurred as a result of **bodily injury** to the extent such **medical expenses** are paid or payable under any other insurance, service, benefit or reimbursement plan (excluding Medicare benefits provided by the federal government and other personal injury protection benefits), other than another basic no-fault insurance plan.

At the time of the accident, in addition to his coverage under the Progressive insurance policy, Justin Moser had health benefits through his mother's employer, Leevers Foods.[1]  Leevers had established and sponsored a self-funded employee welfare benefit plan ("Leevers Plan") under the Employee Retirement Income Security Act of 1974 ("ERISA").  BCBS served as the claims administrator for the Leevers Plan.

---

[1] There is some contradiction in the record regarding whether Leevers Foods employed Darwin Moser or Rhoda Moser.  The Complaint and Answer indicate that Darwin Moser was employed at Leevers.  See Compl. ¶ V; Answer ¶ V.  However, the other documents filed by the parties indicate that Rhoda Moser was employed at Leevers, and this appears to the Court to be correct.  See Pl.'s Statement of Undisputed Facts ¶ 2; Pl.'s Statement of Undisputed Facts, Ex. 2.  At any rate, this fact is not determinative, as BCBS and Leevers do not dispute that Justin Moser was an eligible dependent who was covered by the Leevers Plan at the time of the accident.

The primary Leevers Plan document, which is titled the "Summary Plan Description," contains two provisions which are of relevance in the instant action.  In the introductory section containing general information about the Leevers Plan, the plan document provides:

> The Claims Administrator shall have full, final and complete discretion to construe and interpret the provisions of the Service Agreement, the Summary Plan Description and related documents, including doubtful or disputed terms and to determine all questions of eligibility; and to conduct any and all reviews of claims denied in whole
> or in part.  The decision of the Claims Administrator shall be final, conclusive and binding upon all parties.

Summary Plan Description, Introductory Section, at 3.  The plan document also contains a particular provision governing coordination of benefits when a Leevers Plan beneficiary is eligible for other automobile no-fault or medical payment benefits:

> If a Member is eligible for basic automobile no-fault benefits or other automobile medical payment benefits as the result of accidental bodily injury arising out of the operation, maintenance or use of a motor vehicle, the benefits available under this Benefit Plan will be reduced by and coordinated with the basic automobile no-fault benefits or other automobile medical payment benefits.

Summary Plan Description, Health Benefits Section 7, at 49.

Shortly after the accident, Progressive sought to coordinate payment of Justin Moser's medical benefits with BCBS, as claims administrator for the Leevers Plan, pursuant to N.D.C.C. § 26.1-41-13(3) and the terms of Progressive's insurance policy with Darwin Moser.  BCBS denied Progressive's claim and refused to coordinate benefits.  BCBS took the position that the Leevers Plan was not required to pay Justin Moser's medical expenses until the entire $30,000.00 no-fault limit had been paid under the Progressive insurance policy.  Progressive ultimately paid the $30,000.00 no-fault limit on Justin Moser's behalf for medical bills and other expenses.  Darwin

Moser then released Progressive from any further claims for medical expenses and assigned his rights under the Leevers Plan to Progressive.

On October 19, 2006, Progressive instituted this declaratory judgment action in Cass County District Court, seeking a determination that it was entitled to coordinate benefits with BCBS for medical expenses paid on behalf of Justin Moser over the sum of $5,000.00. BCBS and Leevers removed the action to this Court on the basis of federal question jurisdiction, particularly the applicability of ERISA. Progressive has now moved for summary judgment, and BCBS and Leevers have cross-moved for summary judgment. The parties agree that there are no genuine issues of material fact, as this case turns upon the interpretation of language in the Progressive insurance policy and the Leevers Plan document, and that judgment should be entered as a matter of law.

## DISCUSSION

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The burden is on the moving party to establish the basis for its motion. Donovan v. Harrah's Md. Heights Corp., 289 F.3d 527, 529 (8th Cir. 2002). It is axiomatic that the evidence is viewed in a light most favorable to the non-moving party, and the non-moving party enjoys the benefit of all reasonable inferences to be drawn from the facts. See, e.g., Vacca v. Viacom Broad. of Mo., Inc., 875 F.2d 1337, 1339 (8th Cir. 1989) (quotations omitted). If the moving party shows there are no genuine issues of material fact, the burden shifts to the non-moving party to set forth facts showing a genuine issue for trial. Donovan, 298 F.3d at 529.

A fact is "material" if it might affect the outcome of the case, and a factual dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving

party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The basic inquiry is whether the evidence presents a sufficient disagreement to require full consideration on the merits by a jury, or whether it is so one-sided that one party must prevail as a matter of law.  Diesel Mach., Inc. v. B.R. Lee Indus., 418 F.3d 820, 832 (8th Cir. 2005).

When the unresolved issues in a case are primarily legal rather than factual, summary judgment is particularly appropriate.  Mansker v. TMG Life Ins. Co., 54 F.3d 1322, 1326 (8th Cir. 1995).  However, although summary judgment may be an appropriate and useful tool to avoid useless and time-consuming trials, "[it] should not be granted unless the moving party has established the right to a judgment with such clarity as to leave no room for controversy."  Vacca, 875 F.2d at 1339 (citations omitted).

## I.  Standard of Review

Much of the parties' briefing in this matter focuses on the standard of review which should be applied to the claims administrator's interpretation of the Summary Plan Description governing the Leevers Plan, particularly the coordination of benefits provision relating specifically to basic automobile no-fault benefits.  Progressive argues this Court should interpret the language of its insurance policy and the Leevers Plan document without providing deference to BCBS's determination.  Progressive bases this argument primarily on a line of cases from the Sixth and Seventh Circuits.  On the other hand, BCBS and Leevers contend the Court should apply an arbitrary and capricious standard of review in accordance with the approach of the Eighth Circuit.

In the Eighth Circuit, the standard of review for evaluating benefit determinations under an ERISA plan is well-established.  See Barnhart v. Unum Life Ins. Co. of Am., 179 F.3d 583, 587 (8th Cir. 1999) (citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989)).  When an ERISA

5

plan gives the administrator discretionary authority to determine eligibility for benefits and to interpret the terms and provisions of the plan, the court should review the administrator's decision for an abuse of discretion.  See Riddell v. Unum Life Ins. Co. of Am., 457 F.3d 861, 864 (8th Cir. 2006).  The court should apply a de novo standard of review only if the benefit plan does not vest the administrator with such discretionary authority.  See Barnhardt, 179 F.3d at 587; Maxa v. John Alden Life Ins. Co., 972 F.2d 980, 983 (8th Cir. 1992).

As may be expected, the two standards of review differ greatly in terms of application by the reviewing court.  Under the de novo standard of review, the court should construe any disputed language in the plan without deferring to either party's interpretation.  Finley v. Special Agents Mut. Benefit Ass'n, Inc., 957 F.2d 617, 619 (8th Cir. 1992).  When interpreting the benefit plan, the court looks to the ERISA statutes at issue, as well as related federal common law and any state law which is not contrary to the provisions of ERISA.  Maxa, 972 F.2d at 983.

While de novo review allows the reviewing court to exercise its own independent judgment, review for abuse of discretion is much more deferential to the benefit plan administrator.  Under the abuse-of-discretion standard, where the plan administrator offers a reasonable interpretation of a plan, the district court should not substitute a different, though also reasonable, interpretation that could have been made.  Admin. Comm. of the Wal-Mart Stores, Inc. Assocs.' Health and Welfare Plan v. Gamboa, 479 F.3d 538, 541-42 (8th Cir. 2007).  Rather, the administrator's interpretation must be upheld if it is reasonable, even if the reviewing court disagrees with the interpretation.  Neumann v. AT&T Commc'ns, Inc., 376 F.3d 773, 781 (8th Cir. 2004).  The inquiry is whether a reasonable person could have reached a similar decision, given the evidence before him, not that a reasonable person would have reached that decision.  Gamboa, 479 F.3d at 542.

After carefully considering the briefs and arguments of the parties, the Court concludes the proper standard of review to apply in this case is abuse of discretion.  Under the Summary Plan Description, which is the primary governing document of the Leevers Plan, BCBS has complete discretionary authority to construe and interpret the provisions of the Summary Plan Description, including doubtful or disputed terms.  BCBS also has full discretionary authority to determine questions of eligibility.  Because the Leevers Plan clearly vests BCBS, as the claims administrator, with such discretion, this Court should review BCBS's benefits determination in this case only for an abuse of discretion.

The Court finds Progressive's argument in favor of a less deferential standard of review to be unpersuasive.  Relying on Sixth and Seventh Circuit cases, Progressive contends the Court should independently interpret the relevant provisions in the Leevers Plan document and the motor vehicle insurance policy and reach its own determination about priority.  See Citizens Ins. Co. of Am. v. MidMichigan Health ConnectCare Network Plan, 449 F.3d 688 (6th Cir. 2006); Trs. of the S. Ill. Carpenters Welfare Fund v. RFMS, Inc., 401 F.3d 847 (7th Cir. 2005); Auto Owners Ins. Co. v. Thorn Apple Valley, Inc., 31 F.3d 371 (6th Cir. 1994); Auto Club Ins. Ass'n v. Health and Welfare Plans, Inc., 961 F.2d 588 (6th Cir. 1992).  Although Progressive never expressly uses the term "de novo review," that is exactly the type of review it is requesting here.  However, under Eighth Circuit case law, it is clear that de novo review does not apply when an ERISA plan vests the administrator with complete discretion to interpret and construe the plan provisions, as the Leevers Plan does.[2]

_____

[2]  The Court also points out that in the Eighth Circuit, a heightened standard of review may be applied in certain other circumstances to ERISA cases, even if the plan grants discretion to the administrator.  However, Progressive has neither raised nor argued this issue, so the Court will not address it.  See Neumann, 376 F.3d at 781-82; Barnhardt, 179 F.3d at 587-89.

The Court has reviewed the Sixth and Seventh Circuit cases cited by Progressive and concludes that they are either distinguishable or simply not in line with the approach of the Eighth Circuit.[3]

Furthermore, Progressive's attempts to distinguish the relevant body of Eighth Circuit precedent are unavailing. Progressive argues it is not a party to the ERISA plan and therefore the abuse-of-discretion standard cannot apply to it. However, Progressive has brought this action as an assignee of Darwin Moser, who was a participant in the Leevers Plan. Progressive cannot step into the shoes of Darwin Moser for the purpose of enforcing his family's rights under the ERISA plan, and then claim that the established ERISA-related standards of review do not apply.

Progressive also argues that the Eighth Circuit case law does not apply because this case revolves around not a benefits determination or a denial of benefits, but rather the interpretation of competing coordination of benefits provisions. Although there are no Eighth Circuit cases dealing with this exact set of facts, the Court is not convinced the Eighth Circuit would apply anything other than the ordinary standard of review in this case, where BCBS has been afforded with complete discretion under the terms of the Leevers Plan. Classifying the pertinent issue in this case as one of "interpretation of competing provisions" rather than a "benefits determination" is simply a matter of semantics. Ultimately, BCBS interpreted the provisions of the Leevers Plan, and more specifically, the clause regarding coordination of benefits with no-fault automobile insurers, to require that the no-fault insurer pay the limits of its policy before the Leevers Plan must pay. Under the facts of this case, where BCBS is interpreting a provision of the plan document in accordance with the discretion vested to it by the Leevers Plan, the Court concludes that BCBS's determination should be reviewed for an abuse of discretion.

---

[3] The Court notes that several of the Sixth Circuit cases are from the State of Michigan, which appears to have a somewhat unique statutory scheme governing coordination of benefits. See Couch on Insurance § 171:67.

## II.  Whether BCBS Abused Its Discretion

When conducting an abuse-of-discretion review, the district court must uphold the administrator's interpretation if it is reasonable, even if the court disagrees with the interpretation. Neumann, 376 F.3d at 781.  In determining the reasonableness of an administrator's interpretation, the court should consider the following factors:  (1) whether the interpretation contradicts the plan's clear language; (2) whether the interpretation renders any plan language internally inconsistent or meaningless; (3) whether the administrator has interpreted the words at issue consistently; (4) whether the interpretation is consistent with the goals of the plan; and (5) whether the interpretation conflicts with any substantive or procedural requirements of ERISA.  Gamboa, 479 F.3d at 542; Leonard v. Sw. Bell Corp. Disability Income Plan, 341 F.3d 696, 703 (8th Cir. 2003).  The dispositive principle remains that where plan administrators have offered a reasonable interpretation of disputed provisions, courts may not substitute an interpretation of their own and cannot disturb the challenged benefits determination as an abuse of discretion.  Riddell, 457 F.3d at 865.

After carefully examining the record in this case, particularly the disputed provisions of the Leevers Plan and the Progressive insurance policy, the Court finds that BCBS did not abuse its discretion in denying Progressive's claim for benefits.  The coordination of benefits provision in the Leevers Summary Plan Description provides:

> If a Member is eligible for basic automobile no-fault benefits or other automobile medical payment benefits as the result of accidental bodily injury arising out of the operation, maintenance or use of a motor vehicle, the benefits available under this Benefit Plan will be reduced by and coordinated with the basic automobile no-fault benefits or other automobile medical payment benefits.

Summary Plan Description, Health Benefits Section 7, at 49.  BCBS has interpreted this provision to mean that benefits are not available under the Leevers Plan until the full no-fault policy limit of

the automobile insurer has been exhausted.  In this case, BCBS refused to pay Justin Moser's medical expenses until Progressive had paid the $30,000.00 no-fault limit under its policy.

The Court concludes BCBS's interpretation of this coordination provision is reasonable.  The interpretation does not contradict the clear language of the plan document, nor does it conflict with any substantive or procedural requirements of ERISA.  There is no indication BCBS has not interpreted this language consistently.  And the interpretation is consistent with the goals of the Leevers Plan itself.  A self-funded ERISA plan generally has limited resources, and the right of subrogation in certain instances is an extremely important tool for maintaining the financial viability of such plans.  Gamboa, 479 F.3d at 545-46.

Progressive claims that BCBS's interpretation renders the term "coordinated with" in that same clause meaningless.  The Court disagrees.  The term "coordinated with" does not imply that the Leevers Plan must pay benefits before the no-fault insurer has exhausted its policy limit.  Although that would be the result in the ordinary situation between a no-fault insurer and a health insurer in North Dakota, see N.D.C.C. § 26.1-14-13, and that is the result Progressive seeks in this case, it is not the only reasonable interpretation of the term.  Black's Law Dictionary defines a coordination of benefits clause as that "which provides that the total sums paid for medical and hospital care will not exceed the benefits receivable from all combined sources of insurance."  Black's Law Dictionary 249 (7th ed. 1999).  Under the interpretation advanced by BCBS, the purpose of coordinating benefits will still be fulfilled, even if BCBS does not pay benefits until Progressive has paid the full $30,000.00 policy limit.

Finally, the Court notes that the language of Progressive's policy, although not dispositive, is also consistent with this result.  The personal injury exclusion in the Progressive policy, which

10

limits payment of medical expenses to $5,000.00, applies only "to the extent such medical expenses are paid or payable under any other insurance, service, benefit or reimbursement plan." Here, under BCBS's reasonable interpretation of the Leevers Plan, Justin Moser's medical expenses were not paid or payable under the Leevers Plan until the full no-fault insurance policy was exhausted. Therefore, the exclusion in Progressive's policy does not apply.

Based on the foregoing considerations, the Court concludes that BCBS has reasonably interpreted the coordination of benefits provision in the Leevers Plan document. Because the interpretation of BCBS is reasonable and not an abuse of discretion, its decision to deny Progressive's claim for coordination of benefits must be upheld.

## DECISION

The Motion for Summary Judgment filed by BCBS and Leevers is **GRANTED**, and the Cross-Motion for Summary Judgment filed by Progressive is **DENIED**.

**IT IS SO ORDERED.  LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 11th day of July, 2008.


      /s/   Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court

11